The opinion of the Court was delivered by
Cheves, J.
1. The power of the Court to set aside the interlocutory judgment in this case is too clear to be the subject of discussion.
What is meant by that part of this ground, which says that the judgment was final, it is not easy to conceive; it is enough, however, to say, that it was not a final judgment.
2. The power of the Court to set aside such a judgment is not to be governed by arbitrary discretion.[1] By the discretion of the Court, is meant, the exercise of its best judgment in a ease which is not, and cannot be governed by any precise rule; because the power is applied to cases or circumstances which are scarcely ever identical.
The Court regrets every departure from the regular rule of practice; but as the parties have the power to dispense with them between themselves, when these agreements come before the Court, it gives a liberal construction to them, so as to prevent either party from being surprised, and more especially to prevent the rights of the suitors from being sacrificed to the misunderstanding of their agents.
In this case there is no contradiction between the affidavits. The existence of an agreement is distinctly affirmed,[2] with as much confidence as can be expected in such a case, after the lapse of so great a length of time, by the attorney for the defendant; while the attorney for the plaintiff, with a commendable caution, states no more than his want of recollection on the subject. This state of evidence requires such a construction as shall prevent the defendant from being surprised.* If the order for judgment be not set aside, the rights of the defendant will not be investigated. If the order be set aside, it will only delay the plaintiff a little in his suit. The decision, then, should be such as will not destroy the rights of the defendant, if he have any. Little is risked by such a course.
I lay out of the question the decree of the Court of Equity. If it has finally decided the question of right in this case, that point may be made on the merits of the case. It would be monstrous on an incidental motion, like this, to decide the right.
I therefore adhere to the opinion I held on the circuit, and think the present motion ought to be refused, and that is the opinion of the Court.
Colcocic, Nott, Gantt and Johnson, JJ., concurred.

 Note 1 McM. 34.

 See 1 McC. 492; 1 Brev. 274; 55th rule of Court, Harp. 7.
Post. 519.